# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

RENEE FEREBEE,

    Plaintiff,

v.

DEPARTMENT OF HUMAN RELATIONS
COMMISSION and
MR. LYLES,

    Defendants.

Civil Action No. TDC-16-3803

## MEMORANDUM OPINION

Plaintiff Renee Ferebee, who is self-represented, has filed suit against the Prince George's County Department of Human Relations Commission (the "Commission") and its Executive Director, Michael Lyles. She alleges that the Commission's staff discriminated against her on the basis of age and defamed her. Pending before the Court is Defendants' Motion to Dismiss. Having reviewed the pleadings and briefs, the Court finds that no hearing is necessary to resolve this Motion. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is GRANTED.

## BACKGROUND

This case arose out of Ferebee's application for employment with the Lexy Corporation ("Lexy"), which operates a retail store in the Iverson Mall in Prince George's County, Maryland. Ferebee alleges that a Lexy employee called her "old" when she applied, and that the store refused to hire her because of her age. Compl. Ex. 1 at 3, ECF No. 1-1. In response, Ferebee filed a complaint with the Commission, which is authorized to investigate alleged discrimination

in Prince George's County.  *See* Prince George's Cty. Code § 2-193.  Ferebee later sued Lexy in this Court for a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634 (2012), a case that was dismissed because Lexy does not have a sufficient number of employees to trigger the ADEA's protections.  *See Ferebee v. Lexy Corp.*, No. PWG-13-3931, 2014 WL 1682015, at *3 (D. Md. Apr. 28, 2014).

Ferebee filed her original complaint with the Commission on January 24, 2012.  Lyles, the Commission's Executive Director, assigned a staff member, whom Ferebee identifies only as "Ms. Leslie," to investigate her case.  Compl. Ex. 1 at 10, 13.  Ferebee accuses Leslie of "purposefully mishandling" and sabotaging the case by lying to Lyles about her findings.  Compl. at 1, ECF No. 1.  Ferebee also found Leslie to be rude and sarcastic and believes that Leslie disliked her personally.

On February 19, 2013, the Commission issued its determination, finding that "[b]ased on the Agency's investigation, there is insufficient evidence to support [Ferebee's] allegation that [Lexy] discriminated against her because of age (age 56)."  Compl. Ex. 1 at 9.  Ferebee asked for a re-investigation, arguing that Leslie had "acted unprofessionally" and therefore may not have fully investigated the case.  Compl. Ex. 1 at 8.  Lyles then appointed two new investigators, Jose Villegas and Charles Floyd, but they failed to find any new evidence of age discrimination, a result that Ferebee blames on Villegas's discriminatory and dishonest behavior.  Thus, in a March 28, 2013 letter, Lyles notified Ferebee that the Commission's original decision would stand.

Ferebee filed suit against the Commission in the Circuit Court for Prince George's County, Maryland on May 3, 2013, alleging that the Commission sabotaged her case against

Lexy.[1]  That lawsuit was dismissed on August 29, 2013, and the Maryland Court of Special Appeals dismissed her appeal on January 28, 2016.  She filed her Complaint in this Court 10 months later, on November 28, 2016, alleging age discrimination, defamation, and two claims she calls "sabortagement" and "false investigati[on]" based on the investigators' behavior.  Compl. at 1.  She seeks $2 billion in damages.

## DISCUSSION

Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6).  First, they argue that the Commission is not a legal entity subject to suit.  Second, although Ferebee's age discrimination cause of action makes no mention of the law on which she bases her claim, Defendants construe it as an ADEA claim, and argue that it must be dismissed because they were never her employer.  Finally, they argue that her defamation claim was filed outside the statute of limitations, and that her remaining claims are not causes of action under Maryland law.

Although Defendants claim that the Commission is not a legal entity, they cite Prince George's County Code § 287(a), which establishes the Commission as a statutorily created County entity with members appointed by the County Executive.  Thus, even if the Commission is not a separate legal entity subject to suit, Ferebee's Complaint could be construed, or amended, to be against the County itself.  Accordingly, the Court will address Defendants' remaining arguments.

### I. Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is

---

[1] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the docket in Ferebee's case in the Circuit Court for Prince George's County, *Ferebee v. Prince George's County Human Relations Comm'n*, Case No. CAL13-12458, *available at* http://casesearch.courts.state.md.us.

plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). Documents attached to the complaint or motion may be considered if "they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). The court may also take judicial notice of matters of public record, such as state court proceedings. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

## II. Age Discrimination

Ferebee alleges that the Commission investigators assigned to her case discriminated against her on the basis of age. She provides no specifics about this discrimination, asserting only that they were rude to her and that she believes they "purposefully mishandl[ed]" her case. Compl. at 1. Ferebee does not clarify whether she is asserting a claim under the ADEA, as Defendants assume, or under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. *See Gregory v. Ashcroft*, 501 U.S. 452, 470–71 (1991) (stating that governmental discrimination on the basis of age that lacks a rational basis violates the Equal Protection Clause). Even assuming that the Commission may be sued, Ferebee's age

discrimination claim will be dismissed because she fails to state a claim under either the ADEA or the Equal Protection Clause.[2]

Under the ADEA, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual" over the age of 40 "because of such individual's age." 29 U.S.C. §§ 623(a)(1), 631(a). Ferebee has not alleged that she was ever employed by, or sought to be employed by, the Commission. Therefore, to the extent that she was attempting to assert an ADEA claim against the Commission, that claim is dismissed. Moreover, individual liability is unavailable under the ADEA, so any ADEA claim against Lyles must also be dismissed. *See Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510–11 (4th Cir. 1994).

To the extent that Ferebee sought to assert a constitutional claim of age discrimination, her claim would be brought under 42 U.S.C. § 1983, which allows plaintiffs to sue persons acting under color of the law of "any State or Territory or the District of Columbia" for violating their federal rights. 42 U.S.C. § 1983 (2012). A county agency, such as the Commission, may not be held liable under § 1983 for constitutional violations by its personnel if that liability is based solely on a vicarious liability theory, that is, based solely on the fact that it employs those staff members. *See Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978) (rejecting vicarious liability for municipal governments under § 1983); *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727–28 (4th Cir. 1999); *Chin v. City of Baltimore*, 241 F. Supp. 2d 546, 549 (D. Md. 2003). Rather, municipal governments may be held liable under § 1983 only if the local government caused the violation through an official custom or policy. *Monell*, 436 U.S. at 694. Because Ferebee has not alleged facts that would support a claim that the Commission

---

[2] Because the Defendants did not assert a statute of limitations defense to this specific claim, the Court does not address whether this claim is time-barred. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 653–54 (4th Cir. 2006) (stating that the statute of limitations is an affirmative defense which may be waived).

had such an official custom or policy, her age discrimination claim against the Commission necessarily fails.

Supervisors, such as Lyles, also cannot be held liable under a vicarious liability theory. To hold supervisors liable for the constitutional violations of their subordinates, plaintiffs must show that (1) the supervisor "had actual or constructive knowledge" that a subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury"; (2) the supervisor's response was "so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices" and (3) "there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

Here, Ferebee has failed to allege facts supporting the conclusion that Lyles was initially aware of age discrimination by Commission personnel, or that upon receiving Ferebee's complaint his response was so inadequate as to show "deliberate indifference" or "tacit authorization" of such discrimination. *See id.* Indeed, Ferebee's theory is that Leslie lied to Lyles about the investigation. Based on the Complaint and its attachments, Lyles appears to have gone out of his way to address Ferebee's concerns, as he assigned two new investigators to her case to ensure that it was handled properly and wrote a letter to her reporting on the results and apologizing for any lack of respect displayed by Commission staff. Even if Lyles's response to Ferebee's complaints could be deemed inadequate, Ferebee did not allege any facts supporting an inference of age discrimination by Commission personnel, such as statements exhibiting discriminatory animus or examples of younger comparators who were treated more favorably

than Ferebee under similar circumstances. Ferebee has therefore failed to state an age discrimination claim, whether under the ADEA or the Equal Protection Clause.

### III. Defamation

Ferebee also alleges that the Defendants' actions toward her constituted defamation. In response, Defendants seek dismissal on the grounds that this claim is barred by the statute of limitations.

In Maryland, the statute of limitations for defamation is one year. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-105 (2011). The one-year period begins to run when the allegedly defamatory statement is published, or under Maryland's "discovery rule," when the "plaintiff discovers, or through the exercise of due diligence, should have discovered, the injury." *Ver Brycke v. Ver Brycke*, 843 A.2d 758, 775 (Md. 2004) (quoting *Frederick Rd. Ltd. P'ship v. Brown & Sturm*, 756 A.2d 963, 973 (2000)); *McClure v. Lovelace*, 78 A.3d 934, 949 (Md. Ct. Spec. App. 2013). Motions to dismiss based on the argument that a claim is time-barred should not be granted "unless it is clear from the facts and allegations on the face of the complaint that the statute of limitations has run." *Litz v. Md. Dep't of Env't*, 76 A.3d 1076, 1086 (Md. 2013).

The allegedly rude and demeaning behavior of which Ferebee complains occurred in 2012 and early 2013, and was known to her no later than May 3, 2013, the date on which she filed her original lawsuit in state court. As Ferebee did not file this lawsuit until November 28, 2016, these events occurred well outside of the one-year limitations period. The defamation claim will be dismissed.

### IV. Remaining Claims

Finally, Ferebee appears to assert two remaining claims for sabotage and false investigation. These do not appear to be causes of action that exist under Maryland law.

7

Moreover, even if they did exist, they would be barred by Maryland's Local Government Tort Claims Act ("LGTCA"), which states that "an action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim" is provided to the proper authorities "within 1 year after the injury." Md. Code Ann., Cts. & Jud. Proc. § 5-304(b) (2011); *see Curtis v. Pracht*, 202 F. Supp. 2d 406, 413–14 (D. Md. 2002). Ferebee has not alleged that she provided a notice complying with the LGTCA to the Commission. These claims will therefore be dismissed.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is GRANTED. A separate Order shall issue.

Date: February 5, 2018

THEODORE D. CHUANG
United States District Judge